UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CARL PLEASANTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 00-03094 (JMF) |
| ) | |
| TOM RIDGE, Secretary, ) | |
| Department of Homeland Security ) | |
| ) | |
| Defendant. ) | |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff Carl M. Pleasants and Defendant Michael Chertoff, in his official capacity as Secretary, U.S. Department of Homeland Security, by and through their respective Counsel, hereby stipulate and agree, subject to the approval of the Court, as follows:

1. The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

2. Plaintiff forever waives, releases and abandons any and all claims, including for attorney's fees, against Defendant, the United States, the Federal government, the Department of Homeland Security, including the Federal Emergency Management Administration, and other Federal agencies and their respective employees and agents ("Releasees") concerning the allegations that form the basis of the complaint and the treatment he received (both acts and omissions) whether past or present, alleged, or which could have been alleged, by the Plaintiff during and subsequent to his employment with FEMA from the beginning of such employment up to the date of this Stipulation of Settlement. Releasees correspondingly forever waive, release, and abandon all claims against Plaintiff from the beginning of such employment up to

the date of this Stipulation of Settlement.

3. Defendant shall pay Plaintiff a lump sum of two-hundred seventeen thousand ($217,000) in full settlement of all claims in this matter, <u>including claims for attorney's fees.</u> Defendant shall issue this payment to Carl M. Pleasants and Jerry Goldstein jointly and deliver such check to Plaintiff's Counsel Jerry Goldstein. Plaintiff and his counsel shall be responsible for any tax liabilities arising from this payment. Defendant will submit the paperwork to the Department of Treasury for payment within ten (10) days of the Court endorsing this Stipulation of Dismissal.

4. Plaintiff and Defendant enter into this Stipulation of Settlement to make full and final settlement of any and all matters that Plaintiff raised or could have raised in this action, as well as all other matters related to Plaintiff's employment at the FEMA. This Stipulation of Settlement shall represent full and complete satisfaction of any and all claims, demands, rights and causes of action of whatever kind and nature based upon Plaintiff's employment with the Department of Homeland Security, including but not limited to: 1) all claims arising from the allegations set forth in the complaint filed in this action, including all claims of discrimination that have been, or could be, made in this case; 2) all claims for costs and attorney's fees that have been, or could be, made in this case; 3) all pending Equal Employment Opportunity complaints against the Department of Homeland Security, both formal and informal; 4) any grievances, appeals, civil actions, and/or complaints filed with the Office of Special Counsel, Federal Labor Relations Authority, Merit Systems Protection Board, Office of Personnel Management, General Accounting Office, or any other Federal agency, administrative court or tribunal. In particular, and without limitation, this Stipulation of Settlement shall include all possible claims by Plaintiff against Defendant for compensatory damages, loss of leave, equitable relief and attorney's fees

and costs incurred in connection with any administrative Equal Employment Opportunity process, the District Court litigation process and any other proceedings involving the claims raised in this action prior to and including the date Plaintiff signs this Stipulation of Settlement.

6. This Stipulation of Settlement shall not constitute an admission of liability or fault on the part of Defendant, his past or present agents, servants, employees, representatives or officers, and is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the expenses and risks of further litigation.

7. This Stipulation of Settlement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

8. The parties agree that this Stipulation of Settlement will not be used as evidence or otherwise in any pending or future civil or administrative action against Defendant, the Department of Homeland Security, or any department, agency or instrumentality of the United States.

9. Execution of this Stipulation of Settlement by Plaintiff and his counsel and by the representative of and counsel for the Defendant shall constitute a dismissal of this action with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii). The parties agree to withdraw their pending appeals in the United States Court of Appeals for the District of Columbia in Case No. 06-5156, so that this Stipulation of Settlement can be executed by the District Court judge.

10. Plaintiff acknowledges that he has read this entire Stipulation of Settlement and that he understands all of its terms and conditions. Plaintiff acknowledges that his attorney has reviewed and explained the provisions of this stipulation to him and that Defendant has provided sufficient time for this purpose. Plaintiff acknowledges that he has entered into this Stipulation of Settlement voluntarily and with the advice of counsel. Further, Plaintiff acknowledges that Defendant has not imposed any undue hardship, duress, or coercion in connection with the

execution of this document. Plaintiff acknowledges that he has been given twenty-one (21) calendar days within which to review and consider this Agreement and understands that he has seven (7) calendar days after signature in which to revoke his acceptance of the Agreement. Plaintiff is represented by counsel in this action, he has conferred with his attorney prior to executing this Agreement, he has examined and understands the provisions of 29 U.S.C. sec. 626(f)(1)(A-G), and that the requirements of those provisions are fully met and satisfied in connection with this Agreement.

11. The parties agree that the terms expressly recited herein represent the entire Stipulation of Settlement and that there are no terms or conditions to this stipulation except those expressly stated herein. This Stipulation of Settlement may not be altered, modified, withdrawn, waived, rescinded or supplemented except by written instrument executed by duly authorized representatives of both parties.

12. The parties agree to cooperate fully and to execute any and all documents necessary to implement and effectuate the provisions of this Stipulation of Settlement.

13. It is the understanding of the parties that Plaintiff has no current application pending seeking employment with the FEMA or the Department of Homeland Security and no present intention to seek such employment.

14. The parties contemplate that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Date:

_____
JERRY GOLDSTEIN
D.C. Bar. # 173690
Attorney for Plaintiff

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, DC BAR #434122
Assistant United States Attorney

4

*[signature]*  
CARL M. PLEASANTS  
Plaintiff W.

*[signature]*  
LAURIE WEINSTEIN, D.C. Bar #389511  
Assistant United States Attorney  
555 4th Street, N.W.  
Washington, DC 20530  
(202) 514-7133  
(202) 514-8780 (facsimile)

Counsel for Defendant

This case is hereby dismissed with prejudice on this ____ day of _____, 2007.

_____  
UNITED STATES DISTRICT COURT